UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AGCS MARINE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>EXPEDITORS INTERNATIONAL OCEAN, INC. et al.,<br><br>Defendants. | CASE NO. C18-0614JLR<br><br>ORDER DENYING STIPULATED MOTION TO EXTEND TRIAL DATE |

Before the court is Plaintiff AGCS Marine Insurance Company ("AGCS") and Defendants Expeditors International Ocean, Inc. and Expeditors International of Washington, Inc.'s (collectively "Expeditors") stipulated motion to extend the trial date and all pretrial deadlines by approximately five months. (Stip. Mot. (Dkt. # 22).) The court has considered the parties' stipulated motion, the balance of the record, and the applicable law. Being fully advised, the court DENIES the motion.

//

| | |
|---|---|
| 1 | AGCS filed this lawsuit on April 26, 2018. (Compl. (Dkt. # 1).) On September |
| 2 | 12, 2018, the parties filed a joint status report in which they proposed a discovery cut-off |
| 3 | of April 22, 2019, and represented that the case would be ready for trial by August 12, |
| 4 | 2019. (JSR (Dkt. # 11) at 4.) Based on those representations, the court issued a |
| 5 | scheduling order setting the discovery cut-off on August 19, 2019, and the trial date on |
| 6 | December 16, 2019. (Sched. Order (Dkt. # 12) at 1.) |
| 7 | The parties request an extension of the case schedule for multiple reasons. First, |
| 8 | the parties state that they "have experienced delays scheduling depositions" of |
| 9 | Expeditors' corporate representatives. (Stip. Mot. at 3.) AGCS noted these depositions |
| 10 | in response to Expeditors' pending motion for partial summary judgment, which, |
| 11 | pursuant to parties' agreement, becomes ripe on July 27, 2019. (*Id.*; *see also* MSJ (Dkt. |
| 12 | # 19); Not. of Renoting (Dkt. # 21).) Additionally, the parties suggest that the court's |
| 13 | disposition of Expeditors' summary judgment motion will help determine whether |
| 14 | additional discovery—involving witnesses who reside overseas—is necessary. (Stip. |
| 15 | Mot. at 3.) The parties observe that, "[u]nder the current circumstances, a ruling [on |
| 16 | Expeditors' partial summary judgment motion] will not issue in time to allow completion |
| 17 | of discovery under the current case schedule." (*Id.* at 4.) Finally, the parties "request |
| 18 | additional time to explore a negotiated resolution without having to incur substantial and |
| 19 | perhaps unnecessary costs of discovery." (*Id.*) |
| 20 | Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be |
| 21 | modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good |
| 22 | cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify |

the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Jackson*, 186 F.R.D. at 608.

The court's scheduling order itself states that the dates are "firm" and that "[t]he court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause." (Sched. Ord. at 2.) Moreover, settlement negotiations do not constitute good cause justifying the modification of a pretrial scheduling order. *See, e.g.*, *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273 LJO BAM, 2013 WL 1164941, at *4 (E.D. Cal. Mar. 20, 2013) ("[A]s a legal matter, settlement discussions do not, in [and] of themselves, arise to good cause for modifying a scheduling order."); *Eckert v. City of Sacramento,* No. 2:07-cv-00825-GEB-GGH, 2009 WL 3211278, at *2-3 (E.D. Cal. Sept. 30, 2009) (citing *Brooks v. Eclipse Recreational Vehicles, Inc.*, No. CV-08-1731-PHX-LOA, 2009 WL 1616017, at *3 (D. Ariz. June 9, 2009)).

Certainly, at the time of their joint status report, counsel should have anticipated that discovery in this case could entail deposing Expeditors' corporate representatives.

Counsel likewise must have been aware that pertinent witnesses reside in Asia and that, as a result, discovery could prove to be more "difficult and expensive" than in the typical case. (Stip. Mot. at 3.) Moreover, counsel certainly could have foreseen that the parties might engage in settlement negotiations near the end of the discovery period. Nonetheless, the parties represented to the court that the case would be ready for trial by August 12, 2019—some three months earlier than date on which the court scheduled trial in this matter. (*Compare* JSR at 4, *with* Sched. Order at 1.) The court thus finds that the parties have failed to demonstrate good cause to modify the scheduling order and DENIES the parties' stipulated motion.

However, the court is not without some flexibility with respect to the parties' case schedule. The court will not simply extend the parties' trial date and related case deadlines by five months because this might imperil trial dates that the court has set in other matters for parties who have timely prepared their cases. The court is willing, however, to move this matter to the end of its trial calendar and issue a new scheduling order based on that new trial date for any deadlines that have not already lapsed. In deciding whether to accept this alternative, the parties should be aware that the court is presently scheduling trials in approximately November 2020. If the parties agree on this

//

//

//

//

//

alternative, they should file a stipulation to that effect within seven days of the filing date of this order.

Dated this 19th day of June, 2019.

The Honorable James L. Robart
U.S. District Court Judge